### S. T. NEWMAN, EXECUTOR, VS. G. A. OBER.

GUNBY, J. When the judgment in the suit has been lost without fault of appellant, the Appellate Court will not receive parol evidence of its contents, but will remand the case for a new trial.

---

### GEORGE S. SAWYER VS. A. H. GILLESPIE.

CLINTON, J. In an action to enjoin and annul a judgment, as between the parties thereto, the appellate jurisdiction depends upon the amount for which judgment was rendered, and not on the value of the property seized, nor upon the amount of damages claimed by plaintiff.

---

### GEORGE S. SAWYER VS. P. W. CHASE, SHERIFF, ET AL.

GUNBY, J. The amendment to the Constitution, increasing the jurisdiction of Circuit Courts, took effect from the date of its adoption, on 22d of April, 1884, and not from the date of the Governor's promulgation of the result of the election, May 16th, 1884; hence, a judgment rendered May 3d, 1884, in a suit involving more than $100, but less than $200, may be appealed from.

2. The delay for returning a *fi. fa.* is suspended as long as the writ is enjoined. C. P. 700.

3. Where plaintiff sues to annul the entire judgment, it is not inconsistent for him to also enjoin on account of irregularities in the proceedings for the enforcement of said judgment.

4. There is no law requiring the summoning of witnesses before a case is at issue, and in no event can the other party be liable for the *per diem* of witnesses summoned before the case is fixed for trial, or for any longer period than the witnesses are actually detained in attendance on the trial.

5. To entitle a witness to *per diem*, he must attend the Court, in obedience to its summons, and not on other business, and he must be *detained* in Court for the purpose of giving testimony. Practicing lawyers, sheriffs, clerks and their deputies, though summoned, are entitled to no *per diem* as witnesses in any case.

---

### A. H. GILLESPIE VS. GEORGE S. SAWYER.

CLINTON, J. In this suit the amount claimed was $198, with interest, and judgment was rendered in March, 1884, for $118. In April, the amendment was adopted, extending our jurisdiction to cases exceeding $100, exclusive of interest. It is contended by defendant, that he had the right to appeal from the judgment herein, within twelve months after it was rendered. Held: The judgment, when rendered, was unappealable, and hence, it became final, and vested as property in plaintiff. Therefore, the adoption of the amendment did not give the right of appeal. Its effect is prospective exclusively.